IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RENEE D. DROSS-SWART,           )
                                )
         Plaintiff,             )        CAUSE NO. 2:11-CV-175
                                )
    v.                          )
                                )
CAROLYN W. COLVIN,              )
Commissioner of Social Security[1],  )
                                )
         Defendant.             )

OPINION AND ORDER

This matter is before the court on the Plaintiff's Application for Attorneys' Fees Under

the Equal Access to Justice Act filed by the plaintiff, Renee D. Dross-Swart, on August 28,

2012. For the following reasons, the motion is **GRANTED**.

Background

On May 10, 2007, the plaintiff, Renne D. Dross-Swart, filed an application for Disability

Insurance Benefits (DIB), alleging an onset date of February 20, 2006. Her application was

denied initially and also upon reconsideration. Following a hearing, Administrative Law Judge

Denise M. Martin (the "ALJ") issued a decision on August 11, 2009, finding Dross-Swart was

not disabled. Dross-Swart requested review of the decision, and on January 13, 2011, the

Appeals Council denied the request.

On May 18, 2011, Dross-Swart filed a complaint with this court, seeking review of the

Commissioner's final decision. On May 30, 2012, this court issued an Opinion and Order and

reversed and remanded the Commissioner's decision for further proceedings. On August 28,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of
Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is
automatically substituted for Michael J. Astrue as the named Defendant.

2012, Dross-Swart filed the instant motion for attorney's fees, arguing that the Commissioner's decision was not substantially justified. The Commissioner filed his response on September 10, 2012, opposing Dross-Swart's motion and arguing that the hourly rate requested was not reasonable.

Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A)***; see also **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." **28 U.S.C. § 2412(d)(1)(B);** *see also **Scarborough v. Principi**, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); **United States v. Hallmark Constr. Co**., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The court entered the order remanding Dross-Swart's claim to the ALJ on May 30, 2012. The plaintiff did not file her motion for attorney's feels until August 28, 2012, ninety days after the court entered the order reversing the decision of the ALJ. However, the thirty day time

constraint on filing a motion for attorney's fees does not begin to run until the time to appeal expired—sixty days following the entry of the court's order. *Huichan v. Barnhart*, 2006 WL 6087660, *1 (W.D. Wis. Oct. 10, 2006); **Federal Rule of Appellate Procedure 4(a).** Therefore, Dross-Swart's application for attorney's fees was filed before the thirty-day time limit began to run and was timely. It is also uncontested that Dross-Swart was the prevailing party and that the position of the United States was not substantially justified in this matter. Therefore, the issue now remaining before the court is whether the fees requested by Dross-Swart's attorney are reasonable.

The Commissioner disputes the reasonableness of the hourly rate Dross-Swart's attorney requests. Dross-Swart has the burden of proving that the EAJA fees she seeks are reasonable. *See **Hensley v. Eckerhart**,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); 28 U.S.C. § 2412(d)(1)(B). "Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940-41 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See **Hensley**,* 461 U.S. at 437, 103 S.Ct. at 1939-40. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941.

The Commissioner disputes the hourly rate Dross-Swart's attorney requests, arguing that Dross-Swart's fee application is excessive and warrants a reduction by the court. The Commissioner argues that Dross-Swart's counsel spent a significant amount of time reviewing and commenting on the work of a less experienced attorney and law clerk. Additionally, the

Commissioner argues that the government should not be burdened with paying significantly inflated law clerk fees at the rate of $125 per hour for administrative tasks performed by Dross-Swart's counsel's law clerk, including time logged for docketing and filing documents. The Commissioner further argues that Dross-Swart's fee application is excessive in that more than one attorney worked on the case, and some of the time logged was allotted as time for supervising attorneys to review the work of the law clerk.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.**" 28 U.S.C. § 2412(d)(2)(A)(ii).** Because the local consumer price index is the most accurate source of the cost of living in the market where the litigation occurred, the consumer price index should be used to calculate the rate of attorney's fees. Dross-Swart's counsel represents that he multiplied the percentage of change between the CPI for 1996, the year the statutory billing rate was determined in the EAJA, and 2011 by $125.00 to get $50 and then added that to $125.00 to get $175.00. Because the fee was based on the consumer price index for the region, the court finds that the rate charged was reasonable.

Dross-Swart's counsel also billed the work of his law clerk at a rate of $125 per hour. The Commissioner asks for the fees charged by the law clerk to be reduced because the time spent was duplicative and the rate was unreasonable. It is commonplace for attorneys to use law clerks to assist with preparing Social Security briefs, and because of their limited experience, it is also expected that senior attorneys will spend time reviewing the work completed by law clerks. *Beardsley v. Astrue*, 2011 WL 3566930, *2 (E.D. Wis. August 15, 2011). Such time is not duplicative. *Beardsley*, 2011 WL 3566930 at *2.

The Commissioner also complains that the law clerk's work should not have been billed at $125 an hour, specifically the administrative tasks she performed. The court agrees that although attorneys generally can charge an inflated rate for work done by law clerks, the rate should be allotted only for time spent on substantive legal work rather than administrative tasks. An inflated rate is not warranted for work that could have been done by other personnel at a lower cost. However, contrary to the Commissioner's representations, the work completed by the law clerk was almost entirely substantive. She billed for time reviewing proposed changes, making changes, preparing briefs, and preparing documents. Because the law clerk had a juris doctorate degree and completed substantive work, the inflated rate of $125 was warranted. *See Beardsley,* 2011 WL 3566930 (E.D. Wis. 2011) (finding that rate of $125 for a law clerk's services was reasonable).

The Commissioner also complains that two attorneys in addition to the law clerk worked on Dross-Swart's case and that much of the time was duplicative and should be reduced. The Commissioner argues that the government should not bear the cost of time that was used essentially to train the less experienced lawyer. Specifically, the Commissioner points to the more than four hours the senior attorney spent reviewing and commenting on the younger attorney's work.

"As the senior attorney in the firm, it is certainly appropriate for Daley to confer with his less experienced associates in establishing their strategy for prosecuting the case. It is also incumbent upon Daley to review the work of his associates, edit it when necessary, in order to make certain that the product that leaves the office is of the highest quality." *Lauer v. Astrue*, 2010 WL 724433, *2 (E.D. Wis. 2010). Although it is expected that a senior attorney will review the work of a less experienced associate, the court must be careful not to award fees for

training.  *Lauer*, 2010 WL 724433 at *2.  The additional time used to review the work of a less experienced attorney usually is offset by the younger associate charging a lower rate.  *See e.g.* *Beardsley*, 2011 WL 3566930, *2 (explaining that time spent reviewing law clerk's work is not duplicative because it is offset by the law clerk charging a lower rate).   However, here the associate attorney requests the same rates as the senior attorney.   It would be unfair to order the government to pay the fees for four hours of review time when the work could have been completed in less time at the same rate by the more experienced attorney.  The court finds this charge duplicative and reduces the time Daley spent reviewing the work by 3 hours.

Based on the foregoing, the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. The Commissioner is **ORDERED** to pay $7,241.25 in attorney's fees.  If counsel can verify that Plaintiff owes no pre-existing debt subject to offset, the Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel.

ENTERED this 21st day of May, 2013.

/s/ Andrew P. Rodovich
United States Magistrate Judge